08 CRIM

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED:

P# 47252

| Page 1 | UNITED STATES DISTRICT COURT District of Connecticut | |
|---|---|---|

UNITED STATES OF AMERICA

v.

SHAMEECA LLOYD

JUDGMENT IN A CRIMINAL CASE

CASE NO. *3:07CR00112 (PCD)*
USM NO: *16290-014*

FILED
SEP 12  7 20 AM '07
U.S DISTRICT COURT
NEW HAVEN, CONN

*James K. Filan, AUSA*
Assistant United States Attorney

*Deirdre A. Murray, AFPD*
Defendant's Attorney

RECEIVED
2007 SEP 19 PM 2:0...
PROBATION OFFICE
NEW HAVEN
PROBATION OFFICE
BRIDGEPORT

**THE DEFENDANT:** pled guilty to count 1

Accordingly the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded |
|---|---|---|
| Title 18, U.S.C. Section 1344(1) | Bank Fraud | July 23, 2004 |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of 1 day. The appearance of defendant at sentencing hearing shall be considered as time served. The Court imposed a non-guideline sentence based on the defendant's family circumstances, in that she is the main provider for her daughter and four siblings, as a reasonable sentence as alternative to guideline and fulfillment of 18 U.S.C. §3553(a).

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 3 Years. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. **Defendant is confined to her home for a period of 4 months, with electronic monitoring at the discretion of the U.S. Probation Office (USPO);**
2. **Shall pay the costs of electronic monitoring on a pro rated basis and at the discretion of USPO;**
3. **During the period of house arrest the defendant shall be at home at all times except for employment, religious obligations, medical attention, and community service. Defendant shall engage in no social activities with the exception of those exclusively family oriented;**
4. **Shall obtain a psychiatric and/or psychological evaluation and/or in-patient/out-patient counseling as approved by the U.S. Probation Office (USPO);**
5. **Shall obtain substance abuse treatment and/or in-patient/out-patient counseling as approved by USPO;**
6. **Shall pay some or all of the costs of substance abuse and/or mental health treatment on a pro rate basis as approved by USPO;**
7. **Shall submit to random urine testing & monitoring as approved by USPO;**
8. **Shall receive educational and/or vocational training as approved by USPO;**
9. **Shall obtain and maintain full employment;**
10. **Shall have no association with or be in the presence of, use, fabrication, assembly, transfer or dealing with weapons/firearms of any kind;**
11. **Shall have no involvement nor relationship with nor be in the presence of any person who uses, deals with, or distributes drugs, nor shall he be in the presence of any actual usage of, dealing in or distribution of drugs of any nature;**
12. **Shall cooperate in any collections of DNA samples as required by law;**
13. **Shall provide periodic financial reports to USPO;**
14. **Shall not obtain any new credit or loans without prior approval by USPO.**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

| | | |
|---|---|---|
| Special Assessment: | $100.00 | to be paid immediately |
| Fine: | $0.00 | |
| Restitution: | $10,258.00 | Defendant shall pay restitution payable at the rate of $50.00 per month |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

September 10, 2007
Date of Imposition of Sentence

_____
Peter C. Dorsey
United States District Judge
Date: September 11, 2007

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
John F. Bardelli
United States Marshal

By _____
Deputy Marshal

CERTIFIED AS A TRUE COPY
ON THIS DATE 9/12/07
Kevin F. Rowe, Clerk
BY: P.G. Villano
    Deputy Clerk

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

■ (1) The defendant shall not commit another federal, state or local offense;

■ (2) The defendant shall not unlawfully possess a controlled substance;

☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;

☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;

■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.

■ (8) The defendant shall cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

### STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;

(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    10/3/07
Defendant                                Date

_____              10/3/07
U.S. Probation Officer/Designated Witness    Date